IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LM Wind Power Blades, Inc., | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. _____

COMPLAINT

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and provide appropriate relief to Hayward Jones (hereinafter "Jones") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that LM Wind Power Blades, Inc., ("Defendant" or "LM Wind") discriminated against Jones, who is Black, when it subjected him to a hostile work environment based on race and terminated Jones's employment because of his race and in retaliation for engaging in protected activity when he opposed the racial harassment. All of Defendant's actions were in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of North Dakota and the City of Grand Forks. Defendant has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jones filed an EEOC Charge of Discrimination alleging that he was discriminated against based on race and retaliation in violation of Title VII by Defendant

8. On March 14, 2022, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant subjected Jones to a hostile work environment based on race and terminated his employment based on race. The EEOC also found reasonable cause to believe that Defendant terminated Jones in retaliation for engaging in protected activity

when he opposed the racial harassment. The Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure a conciliation agreement acceptable to the EEOC and Defendant and on August 11, 2022, the EEOC issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a manufacturer and supplier of wind turbine rotor blades used for electricity generation.

13. Since at least early 2016, Defendant engaged in unlawful employment practices at its facilities in North Dakota in violation of Title VII.

14. Defendant subjected Jones to a hostile work environment, in violation of Title VII, when white co-workers and supervisors racially harassed Jones.  The harassment included widespread racial slurs and insults, as well as racially charged threats of violence.  Specific incidents include a white supervisor's threats to hang Jones from a bridge or drag him behind a truck, and white co-workers targeting Jones with racial abuse including using the n-word, referring to Jones as a monkey, tagging him in Facebook posts discussing "white power"; and other similar racially charged threats and harassment.  This harassing conduct was severe and pervasive.  It was also unwelcome and created a hostile work environment based on race that was both objectively and subjectively offensive to Jones.  This hostile working environment was

amplified by Defendant's failure to take prompt and effective remedial measures when Jones brought harassing incidents to its attention.

15. Defendant is liable for the racial harassment that was committed by Jones' co-workers because Defendant knew or should have known about the harassment and failed to take prompt and appropriate corrective action to stop or prevent it, which allowed the harassment to continue.

16. Defendant is liable for the racial harassment committed by Jones' supervisor because it culminated in a tangible employment action, Jones' termination; additionally, Jones did not fail to make use of corrective opportunities available to him, for example, by initiating formal complaints with Defendant's human resources department.

17. Jones opposed Defendant's environment of racial harassment and objected to the harassing conduct of his co-workers and supervisor. Jones reported the racial harassment to Defendant's human resources department and to Defendant's management level employees; he initiated formal complaints of harassment through Defendant's human resources department, and also filed a charge of discrimination with the EEOC.

18. Defendant terminated Jones' employment on or about October 18, 2019, in response to his opposition to the racial harassment.

19. Jones' opposition to the racial harassment was protected activity. Defendant terminated Jones' employment in retaliation for his opposition to race discrimination.

20. Pleading in the alternative, Defendant terminated Jones' employment based on his race. Defendant treated White employees more favorably than Jones. Specifically, when Jones was involved in a heated online argument with a co-worker, he was terminated. In comparison, when a White supervisor threatened to kill Jones by hanging him from a bridge or dragging him behind a truck, the White supervisor received a reprimand but was not terminated for the threats.

Alternatively, Defendant terminated Jones due to the intersection of his race and his engaging in protected opposition to conduct made unlawful by Title VII.

21.     The effects of the practices complained of in paragraphs 13-20 above, have been to deprive Jones of equal employment opportunities and otherwise adversely affect his status as an employee based on race and/or in retaliation in violation of Title VII.

22.     The unlawful employment practices complained of in paragraphs 13-20 above were and are intentional.

23.     The unlawful employment practices complained of in paragraphs 13-20 above were done with reckless indifference to the federally protected rights of Jones.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on race. Also grant a permanent injunction prohibiting Defendant from discriminating against any individual for engaging in protected activity under Title VII or for opposing practices made unlawful by Title VII or for participating in this lawsuit;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C.  Order Defendant to make whole Jones by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial,

reinstatement or front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

 D.  Order Defendant to make whole Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

 E.  Order Defendant to make whole Jones by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

 F.  Order Defendant to pay Jones punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

 G.  Grant such further relief as this Court deems necessary and proper in the public interest; and

 H.  Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Gwendolyn Young Reams
Acting General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C.  20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

        s/ Ethan M. M. Cohen
Ethan Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov

        s/ Greger Calhan
Greger Calhan, Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7323
Facsimile: (612) 335-4044
Email: greger.calhan@eeoc.gov