# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LM Wind Power Blades, Inc.,<br><br>Defendant. | Case No. 3:23-CV-00086-PDW-ARS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant LM Wind Power Blades, Inc. ("Defendant") by its undersigned attorneys, for its Answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") Complaint ("Complaint") in the above-entitled matter, hereby deny each and every allegation, matter and thing contained therein except as hereinafter expressly admitted, qualified or otherwise stated, and further answer the Complaint as follows:

## ALLEGED NATURE OF THE ACTION

As to the allegations contained in the "NATURE OF THE ACTION" paragraph, Defendant admits only that Plaintiff purports to assert various claims against Defendant, but denies the remaining allegations in their entirety. In further responding, Defendant specifically denies that it violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title I"), or any other federal, state, or local law with respect to Mr. Jones's employment with Defendant.

## ALLEGED JURISDICTION AND VENUE

1.      As to the allegations in paragraph 1, Defendant admits only that the Court has jurisdiction over this matter and that venue is appropriate in this district, but denies the remaining allegations.  In further responding, Defendant specifically denies that it violated Title VII, Title I, or any other federal, state, or local law with respect to Mr. Jones's employment with Defendant.

2.       As to the allegations in paragraph 2, Defendant admits only that the Court has jurisdiction over this matter and that venue is appropriate in this district, but denies the remaining allegations.  In further responding, Defendant specifically denies that it violated Title VII, Title I, or any other federal, state, or local law with respect to Mr. Jones's employment with Defendant.

## ALLEGED PARTIES

3.      As to the allegations in paragraph 3, Defendant avers that they contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 3.

4.      Defendant denies the allegations contained in paragraph 4.

5.      As to the allegations in paragraph 5, Defendant avers that they contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5.

6.      As to the allegations in paragraph 6, Defendant avers that they contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 6.

## ALLEGED ADMINISTRATIVE PROCEDURES

7.     As to the allegations contained in paragraph 7, Plaintiff's alleged Charge of Discrimination and the timing of the same speak for themselves, and therefore Defendant denies the entirety of paragraph 7.

8.     As to the allegations contained in paragraph 8, the alleged Letter of Determination speaks for itself, and therefore Defendant denies the entirety of paragraph 8.  In further responding, Defendant specifically denies the allegations and purported conclusions in the Letter of Determination and further denies that it violated Title VII, Title I, or any other federal, state, or local law with respect to Mr. Jones's employment with Defendant.

9.     As to the allegations contained in paragraph 9, Defendant admits only that it participated in discussions with Plaintiff regarding the Letter of Determination and that such communications are subject to the protections of Rule 408 of the Federal Rules of Civil Procedure, but denies the remaining allegations.  In further responding, Defendant specifically denies that it violated Title VII, Title I, or any other federal, state, or local law with respect to Mr. Jones's employment with Defendant.

10.     As to the allegations contained in paragraph 10, Defendant admits only that the parties were "unable to secure a conciliation agreement acceptable to the EEOC" and that Plaintiff issued a Notice of Failure of Conciliation, but denies the remaining allegations.

11.     As to the allegations in paragraph 11, Defendant avers that they contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 11.

## ALLEGED STATEMENT OF CLAIMS

12.     Defendant admits the allegations contained in paragraph 12.

13.     Defendant denies the allegations contained in paragraph 13.

14.     Defendant denies the allegations contained in paragraph 14.

15.     Defendant denies the allegations contained in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

17.     As to the allegations contained in paragraph 17, Defendant admits only that Mr. Jones filed a charge of discrimination with the EEOC and reported alleged conduct to Defendant, but denies the remaining allegations.

18.     Defendant denies the allegations contained in paragraph 18.

19.     No response is necessary concerning the allegations contained in the first sentence of paragraph 19 as they constitute legal conclusions.  To the extent a response is required, Defendant denies the allegations contained in the first sentence of paragraph 19. In further responding, Defendant denies the allegations contained in the second sentence of paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20, but admits only that Defendant terminated Mr. Jones following his threatening comments directed at a colleague.

21.     Defendant denies the allegations contained in paragraph 21.

22.    Defendant denies the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

## ALLEGED PRAYER FOR RELIEF

Defendant denies the allegations and Plaintiff's entitlement to any of the relief set forth in the "PRAYER FOR RELIEF" clause, including subsections A-H.

## JURY TRIAL DEMAND

No response to this statement is required.

## AFFIRMATIVE AND OTHER DEFENSES

In further answering, Defendant alleges the following affirmative and other defenses:

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted. More specifically, Plaintiff cannot prove all necessary elements for any of its claims. Further, Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendant.

2.    Plaintiff's Complaint may be barred, in whole or in part, because of the applicable statute of limitations, because it was not timely filed and/or served, and/or because of other applicable statutory or administrative filing requirements.

3.    Some or all of Plaintiff's claims may be barred because they are beyond the scope or inconsistent with Mr. Jones's charge, were not subject to administrative investigatory or conciliation process, and were not included in any determination by the EEOC.

4.      Plaintiff's claims are barred by the doctrine of laches.

5.      Any purported adverse employment action occurred based on legitimate, non-discriminatory, and non-retaliatory reasons entirely unrelated to Mr. Jones's purported exercise of any purported rights or status.

6.      Plaintiff's Complaint, and each of the causes of action, may be barred in whole or in part because Defendant had an honest, good-faith belief that all decisions were made solely for legitimate, business-related reasons and were reasonably related upon the facts as Defendant understood them.

7.      Mr. Jones did not, in good faith or otherwise, exercise any rights protected by applicable, or otherwise engage in legally-protected activity, and no alleged adverse action that Defendant took against Mr. Jones was causally connected to any such (alleged) protected activity.

8.      Defendant states that if any of the allegations of alleged unlawful conduct contained in the Complaint are found to have merit, which they do not, such alleged acts were not sufficiently severe or pervasive to create an abusive or hostile working environment.

9.      Defendant exercised reasonable care to prevent a hostile environment and correct promptly any discriminatory or harassing behavior (including having in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Mr. Jones unreasonably failed to take advantage of these preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

10.     Defendant has in place a clear, effective, and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  Plaintiff's claims are barred because: (1) Defendant took reasonable steps to prevent and correct workplace discrimination; (2) Mr. Jones unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented the alleged harm that Mr. Jones allegedly suffered.

11.     Although Defendant denies that Mr. Jones was exposed to a hostile work environment, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Mr. Jones unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

12.     To the extent Mr. Jones adequately complained of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

14.     Plaintiff's claims fail, in whole or in part, to the extent Plaintiff seeks multiple recoveries for the same alleged conduct.

15.     Plaintiff's claimed damages, if any, are barred, in whole or in part, because Mr. Jones failed to mitigate his alleged damages.

16.     Mr. Jones's claimed damages, if any, were caused by his own conduct.

17.     An award of liquidated and/or punitive damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Mr. Jones or that

Defendant otherwise acted with reckless, malice, or wanton disregard for Mr. Jones's rights.

18.    To the extent Mr. Jones has accepted other employment and has been discharged for good cause from such employment, Plaintiff is barred from receiving equitable remedies including reinstatement and recovery of back pay.

19.    The extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the Federal Rules of Civil Procedure, cannot be determined at this time without the benefit of additional discovery. Thus, as separate and affirmative defenses to the Complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

WHEREFORE, having responded to the allegations in Plaintiff's Complaint, Defendant hereby requests that the Court enter an Order:

A.    Dismissing Plaintiff's Complaint with prejudice and order that Plaintiff take nothing by its alleged causes of action;

B.    Awarding Defendant its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

C.    Awarding Defendant such other relief as the Court deems just and proper.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

Dated:  <u>August 25, 2023</u>

<u>*/s/ Brent D. Kettelkamp*</u>
Brent D. Kettelkamp, ND #09600
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-339-1818
Facsimile:  612-339-0061
brent.kettelkamp@ogletree.com

**Attorney for Defendant LM Wind Power Blades, Inc.**

58000428.v1-OGLETREE