## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 3:23-cv-00086-PDW-ARS |
| v. | ) ) | Judge Peter D. Welte Magistrate Judge Alice R. Senechal |
| LM WIND POWER BLADES, INC., | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### THE LITIGATION

1.    On May 4, 2023, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a lawsuit against Defendant LM Wind Power Blades (USA) Inc. ("LM Wind") alleging that LM Wind violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, by subjecting Charging Party Hayward Jones ("Jones") to an allegedly hostile work environment on account of his race, failed to act reasonably to prevent or remedy the alleged harassment, and terminated him in purported retaliation for engaging in protected activity (the "Complaint" or "Lawsuit").  EEOC amended its complaint on January 31, 2024 to include an additional claim of retaliation (the "Amended Complaint").

2.    LM Wind filed answers denying the allegations in the Complaint and Amended Complaint.

3.    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiation, the parties have agreed that this Lawsuit should be finally resolved by entry of this Consent Decree ("Decree").

1

4.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint and Amended Complaint filed by the EEOC in this action. Nothing in this Decree constitutes an admission by either party as to the claims or defenses of any other party.

## FINDINGS

5.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.  This Court has jurisdiction over the subject matter of this action and the parties.

b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, LM Wind, Jones, and the public are adequately protected by this Decree.

c.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, LM Wind, Jones, and the public.

**NOW, THEREFORE, UPON THE CONSENT OF THE PARTIES IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

6.      LM Wind, its officers, agents (including management personnel), employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from:  (1) engaging in any employment practice that discriminates on the basis of race, including harassment on the basis of race; and (2) retaliating against any employee for opposing any practice made unlawful under Title VII, filing a Charge of Discrimination under Title VII, testifying  and/or participating any investigation under Title VII, or asserting any rights or carrying out any obligation under this Decree.

2

## MONETARY RELIEF

7.       Within thirty (30) calendar days of both the approval of this Decree by the District Court and receipt of the Release, attached as Exhibit A, signed by Jones, LM Wind shall pay or cause to be paid to Jones the gross sum of One Hundred Twenty-five Thousand Dollars and 0/100 Cents ($125,000.00) as follows:

  a.  LM Wind shall issue a check for $62,500.00 payable to Jones which is intended to satisfy his claims for non-wage-loss damages (a Form 1099-MISC will be issued to Jones for this payment).

  b.  LM Wind shall issue a payroll check for $62,500.00 payable to Jones (minus the employee's share only of applicable withholding taxes, FICA, and other standard withholdings), which is intended to satisfy his alleged wage loss claim (a Form W-2 will be issued to Jones for this payment).

  c.  Jones and LM Wind shall each bear full responsibility for his or its own portion of any tax liability arising from this agreement.

These two checks are collectively referred to as the "Payment." The Payment shall be sent directly to Jones's residence.

## NEUTRAL REFERENCE

8.       Upon request through LM Wind's vendor, Vault Verify, LM Wind shall provide Jones with a neutral employment reference to potential employers, limiting the information provided to dates of employment and position held. Jones may request a statement by visiting http://www.vaultverify.com or calling 1-407-378-6203 and providing company code 25600. LM Wind may also verify salary information if requested by potential employers.

## TRAINING

9.       No later than ninety (90) days after approval and entry of this Decree, and every eighteen months (18) thereafter that the decree is in effect, LM Wind shall have all LM Wind

3

employees (other than those employees on approved leave of absence at the time of the training) within its Grand Forks, North Dakota, facilities trained by an experienced trainer. Those employees on approved leave of absence at the time of the training shall take a make up training once they return from their leave of absence. The training or trainings shall be conducted in person or via an online training program. At a minimum, the training must provide:

   a) Education pertaining to employment discrimination and harassment, specifically racial harassment, and retaliation;

   b) Examples of conduct which constitutes discrimination;

   c) Information for employees regarding appropriate responses to complaints of discrimination; and

   d) An explanation of the rights and responsibilities of management and non-management employees;

10.    LM Wind shall inform the applicable employees of its Anti-discrimination policies and procedures and any revisions thereto, either in person, during a regularly scheduled staff meeting for each department, or, where an in-person meeting is impractical, via email. The communication shall convey that LM Wind takes complaints of harassment and retaliation seriously, and that LM Wind will investigate any claim of harassment consistent with its policies and procedures.

11.    The EEOC agrees that Alexa Meenan, Senior Counsel, Labor and Employment, may conduct the training described herein. In the event that Ms. Meenan is unable to provide the training, LM Wind will provide the EEOC with the proposed name of the trainer within the timeframe described in this section. Further, LM Wind shall provide the EEOC with the proposed training content and materials no less than twenty-one (21) calendar days before the training is scheduled to begin. EEOC shall have ten (10) calendar days in which to object, in writing, to the

qualifications of the trainers selected by LM Wind (if not Ms. Meenan) and the proposed training content and materials.

12. No later than fourteen (14) days after the training described in Paragraph 9 is completed, LM Wind shall certify to the EEOC in writing that the required training has taken place and the required personnel have attended. The certification of training described in this Paragraph must include:

   a) dates, locations, and duration of the training;

   b) a copy of the registry of attendance, which shall include the name and position of each person trained;

   c) a current list by name and position of all the employees subject to the training requirement; and

   d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

13. Respondent may combine all training conducted as part of this Agreement in conjunction with any previously scheduled trainings.

## POSTING AND DISTRIBUTION OF NOTICE

14. No later than seven (7) business days after entry of this Decree, LM Wind shall post copies of the Notice attached as **Exhibit B** to this Decree in conspicuous locations in the physical and electronic locations that are regularly used by LM Wind for posting legal notices concerning employee rights (*e.g.*, bulletin boards, intranet). The Notice shall remain posted in this manner for the term of this Decree. LM Wind shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. LM Wind shall permit a representative of the EEOC to enter the premises of LM Wind's facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

5

15.     No later than fourteen (14) business days after entry of this Decree, LM Wind shall certify to the EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraph 14.

**RECORD KEEPING**

16.     During the two-year term of this Decree, LM Wind agrees to monitor, maintain, and make available for inspection and copying by the EEOC, all complaints of racial harassment or retaliation in alleged violation of Title VII arising out of the Grand Forks, North Dakota facility during the term of this Decree as set forth below.

17.     To be subject to this requirement, a "complaint" means a complaint of racial harassment or retaliation arising out of the Grand Forks, North Dakota facility that is logged in LM Wind's Spirit database (or successor compliance database) after being submitted through the LM Wind's Open Reporting Program which permits an employee to raise a concern anonymously through an online portal, or by raising the concern to a local Ombudsman, Corporate Ombudsman, a member of Human Resources, a member of management, or anyone in the Legal function, who are required to submit such complaints to the Opening Reporting Program to be logged in the Spirit database.

18.     For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address (both physical and e-mail) and phone number if available; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of the employee who received the employee's complaint; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, LM Wind took, and the name and position of the employee(s) who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) non-privileged

6

documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

19.     LM Wind shall furnish to the EEOC the following written report annually ("Annual Report") during the term of this Decree. The first Annual Report shall be due twelve (12) months after entry of the Decree. Subsequent Annual Reports shall be due every twelve (12) months thereafter, except that the final Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Annual Report shall contain:

   a. A summary of each "complaint" (as defined above), including the name and job title of the individual making the complaint, the name and job title of the individual who received the employee's complaint, the date the complaint was made, how each complaint was investigated/ resolved, and contact information of the employee who made the complaint for the twelve (12) month period preceding the Annual Report (or for the five (5) month period preceding the final Annual Report), or a certification by LM Wind that no complaints or reports of discrimination were received during that period; and

   b. Copies of all records described in Paragraphs 16-18 above, should be produced upon further request by the EEOC after the summaries of complaints are provided by LM Wind; and

   c. A certification by LM Wind that the Notice required to be posted pursuant to Paragraph 15 of the Decree remained posted in the manner required during the entire twelve (12) month period preceding the Annual Report (or for the five (5) month period preceding the final Annual Report).

## DISPUTE RESOLUTION

7

20.    If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

## TERM OF THE DECREE AND RETENTION OF JURISDICTION

21.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of 2 years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the 2 year period, any disputes under Paragraph 20 remain unresolved, the term of the decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all disputes have been resolved.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

22.    LM Wind acknowledges and agrees to the following:

a.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

b.    Within 10 business days of the signing of this agreement, LM Wind agrees to provide, through the EEOC Respondent Portal, 1) the Respondent/Employer's EIN

8

and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of LM Wind or an attorney representing LM Wind.

c.   The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

d.   The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

e.   Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

f.   The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### MISCELLANEOUS PROVISIONS

23.   Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

24.   The terms of this Decree shall be binding upon LM Wind and its successors and assigns. LM Wind, and any successor(s) of LM Wind, shall provide a copy of this Decree to any organization or person who acquires or merges with LM Wind, or any successor of LM Wind, prior to the effectiveness of any such acquisition or merger. Any such organization shall comply with all injunctive provisions of this Decree.

25.   The service of any notices, reports, or certificates to be given to the parties under this Decree will be deemed sufficient, and effective upon mailing, if emailed and sent by first-class mail to:

**Counsel for EEOC**

LM Wind Consent Decree Compliance
Kelly Bunch

9

Greger Calhan

Trial Attorneys
U.S. Equal Employment
Opportunity Commission
230 S. Dearborn St., Ste 2920
Chicago, Illinois 60604
Kelly.Bunch@eeoc.gov
Greger.Calhan@eeoc.gov

**Counsel for LM Wind**

Brent D. Kettelkamp

Ogletree Deakins
Capella Tower,
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
brent.kettelkamp@ogletree.com

By advance agreement of the parties, prior to each submission, materials may be submitted solely by electronic mail.

26.     Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

27.     When this Decree requires certification by LM Wind of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of LM Wind to the best of such officer or management employee's knowledge, information, and belief.

10

**SO ORDERED, ADJUDGED, and DECREED on this ____ day of _____ 2024.**
**By the Court:**

_____

The Hon. Peter D. Welte
United States District Judge

Agreed to in form and content:

**For Plaintiff Equal Employment
Opportunity Commission**

Karla Gilbride
General Counsel

s/_____
Gregory Gochanour
Regional Attorney

Ethan Cohen
Assistant Regional Attorney

Kelly Bunch
Trial Attorney

Greger B. Calhan
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St. Ste 2920
Chicago, IL 60604

**LM Wind Power Blades (USA) Inc.**

By:
Its:

**EXHIBIT A**

## RELEASE AGREEMENT

In consideration of $125,000 to be paid to me by LM Wind in connection with the resolution of *EEOC v. LM Wind Power Blades, Inc.*, No. 3:23-cv-00086 (D.N.D.), I waive my right to recover for any claims of racial harassment or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against LM Wind on or before the date of this release and that were included in the claims alleged in the EEOC's Complaint and Amended Complaint in *EEOC v. LM Wind Power Blades, Inc.*

Signed: _____          Date: _____

Hayward Jones

**<u>EXHIBIT B</u>**

## <u>NOTICE TO LM WIND'S EMPLOYEES</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court in the District of North Dakota in *EEOC v. LM Wind Power Blades, Inc*, Case. No. 3:23-cv-00086. resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In this lawsuit, the EEOC alleged that Defendant LM Wind Power Blades (USA) Inc. ("LM Wind") violated Title VII of the Civil Rights Act of 1964 (Title VII) by allegedly subjecting an employee to racial harassment and retaliation. LM Wind denied EEOC's allegations. Neither party admits the allegations of the other party.

To resolve this case, the EEOC, the employee, and LM Wind have entered into a Consent Decree requiring, among other things, that:

1.     LM Wind will pay monetary relief to the employee who was affected by the alleged violations;

2.     LM Wind is enjoined from subjecting employees at its Grand Forks, North Dakota, facility to racial discrimination or harassment;

3.     LM Wind is enjoined from retaliating against anyone at its Grand Forks, North Dakota, facility for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4.     LM Wind will provide or maintain training to employees in their Grand Forks, North Dakota, facility as further outlined in the applicable Consent Decree.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex, religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 872-9777 or by TTY at 1 (800) 669-6820. The EEOC charges no fees.

## <u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for two (2) years from the date below and cannot be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: LM Wind Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

Date                                                    The Hon. Judge Peter D. Welte
                                                        United States District Court of North Dakota

_____              _____

Page 16